```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


IRENE CHENOWETH,

      Plaintiff,

v.                                   Civil Action No. 5:11CV60
                                                        (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
```

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

After filing an application on April 29, 1994, the plaintiff, Irene Chenoweth, was granted Supplemental Security Income ("SSI") benefits. On November 25, 2005, the plaintiff completed a statement for determining continuing eligibility for SSI payments. She later confirmed resources totaling $3,000.00, which she received from the sale of land that she and her siblings had inherited from their mother. On June 2, 2006, the defendant informed the plaintiff that she had been overpaid by $16,152.00 from January 2004 to May 2006. The defendant determined that during this time period, the plaintiff was not entitled to receive SSI benefits because her available resources, including the money she received from the sale of land, exceeded the SSI limit. The plaintiff then filed a request for reconsideration and a waiver of overpayment recovery, in which she asserted that she was not yet

entitled to any of the estate money and therefore did not own resources in excess of the SSI limit.

The plaintiff filed a written request for a hearing, and a hearing was held on December 16, 2008 before a United States Administrative Law Judge ("ALJ").  On February 10, 2009, the ALJ issued an opinion finding that the plaintiff was not eligible to receive SSI benefits from April 2004 through May 2006 because of excess resources available to her.  The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final. The plaintiff now seeks judicial review of the ALJ's decision finding her ineligible to receive SSI benefits for the period of April 2004 to May 2006.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  On October 5, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the decision of the Commissioner be affirmed.  Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections

within fourteen (14) days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). In this case, no party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In her motion for summary judgment, the plaintiff alleges that the ALJ's decision is not supported by substantial evidence. Specifically, the plaintiff claims that the ALJ erred as a matter of law in determining that she was not eligible to receive SSI benefits from April 2004 through May 2006 because she had excess resources at her disposal. According to the plaintiff, because she did not have the legal right to use the funds from the sale of her mother's estate contained in the estate bank account for her

3

personal benefit, the ALJ should not have considered her share of these proceeds as personal resources.

The defendant, in his motion for summary judgment, counters that because neither the actual withdrawal of her share of the funds nor the time of the estate's closing are relevant factors for purposes of establishing the plaintiff's SSI eligibility during the relevant time period, the ALJ properly deemed the plaintiff's funds from the sale of her mother's estate to be a countable resource rendering her ineligible for SSI. See 20 C.F.R. § 416.1205(a),(c).

In his report and recommendation, the magistrate judge discusses the standard for determining whether a financial account is a countable resource, as well as the standard for determining when an inheritance is a countable resource. See 20 C.F.R. §§ 416.1201, 416.1208. Applying these standards to this case, the magistrate judge concluded that the ALJ properly determined that the estate bank account was the plaintiff's countable resource.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by

substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In this case, this Court agrees that because the estate account was jointly held and the plaintiff was only SSI claimant or recipient listed on the account title, the ALJ correctly applied the presumption that all of the funds in the account belonged to the plaintiff. See 20 C.F.R. § 416.1208(c)(1). As an owner, the plaintiff had the right to withdraw funds to use for her personal support. Moreover, the plaintiff had an ownership interest in the bank account funds because of her status as her mother's heir and because she received a benefit from the sale of her mother's property. Thus, this Court agrees that the ALJ properly classified the funds in the estate account as a countable resource. This Court also concurs that the plaintiff has not successfully rebutted the ownership presumption relied upon by the ALJ, nor has she proven that she did not have access to the account.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the plaintiff is not eligible to receive SSI benefits for the period from April 2004 to May 2006 is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge.  The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 21, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE